IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| GEORGE WRIGHT, JR., | ) | Case No.: 4:25-cv-11270-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| HONDA OF AMERICA MFG INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This employment-discrimination action is before the Court with the Report and

Recommendation ("Report") of United States Magistrate Judge Kaymani D. West,

made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the

District of South Carolina (DE 14).[1] Plaintiff alleges race discrimination and

retaliation under 42 U.S.C. § 1981, and also asserts state-law claims for breach of

contract and breach of contract accompanied by a fraudulent act. (DE 1.) Defendant

moves under Rule 12(b)(6) to dismiss the two state-law claims. (DE 8.) The Report

recommends that the motion be granted. (DE 14.) Plaintiff filed objections, and

Defendant filed a reply. (DE 16; DE 18.)[2]

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. *See Mathews v. Weber*,
423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]     Defendant has been incorrectly identified in the caption of this case. The correct
caption for Defendant is American Honda Motor Company, Inc.

Having carefully reviewed the Report, Plaintiff's objections, the record, and applicable law, the Court adopts the Report as modified here and grants Defendant's Motion to Dismiss as to Counts III and IV. (DE 8.)

## I.     BACKGROUND

The Report sets forth the relevant facts and legal standards which the Court incorporates without a complete recitation. The Court provides this summary as a brief background.

### A.     Factual Background

Plaintiff filed a Complaint asserting employment-related discrimination claims, including two 42 U.S.C. § 1981 claims and two state-law-based contract claims. (DE 1.) Plaintiff alleges that he was racially discriminated against by being passed over for promotion, being singled out at meetings, and not receiving bonuses. (*Id.*)

Plaintiff began working with Defendant in 1998 as a production associate, and over more than two decades, advanced through the ranks to serve as an assistant manager for the two years preceding the filing of the Complaint. (*Id.*) Plaintiff's direct supervisors during the relevant periods were Clint Floyd, unit manager, and Scott McKenzie, area manager, both of whom are white males. (DE 1 ¶ 7.) Plaintiff alleges that, since assuming supervisory roles over Plaintiff about four years ago, Floyd and McKenzie have "engaged in a persistent campaign of discrimination, harassment, and retaliation against Plaintiff based on his race, African American." (*Id.*)

Plaintiff filed a formal complaint with Defendant's compliance and ethics department, alleging that his managers had subjected him to race discrimination.

(*Id.* ¶ 8.) Plaintiff alleges "Defendant's response was inadequate: the investigation was perfunctory, and no meaningful corrective action was taken." (*Id.*)

In December 2023, Defendant placed Plaintiff in an assistant managerial role. Plaintiff alleges the promotion was "merely perfunctory, as Plaintiff was not properly compensated for the increased responsibilities and duties associated with the position." (*Id.* ¶ 12.) Plaintiff's manager later gave Plaintiff an "unjustified, downgraded evaluation that did not accurately reflect Plaintiff's performance or competency, and also prohibited Plaintiff from receiving any large bonuses, explicitly communicating this to Plaintiff." (*Id.* ¶ 13.)

In 2025, Plaintiff alleges that Defendant did not recognize his performance in the repair department and gave him a negative evaluation. (*Id.* ¶ 16.) Plaintiff claims that this evaluation was issued as a form of race discrimination. (*Id.*)

**B.     Procedural Background**

Plaintiff initiated this action by filing the Complaint on August 21, 2025. (DE 1.) On October 8, 2025, Defendant Honda moved to dismiss the action pursuant to Rule 12(b)(6), asserting that Plaintiff failed to state a claim for which relief can be granted for Counts III and IV of the Complaint. (DE 8.) Plaintiff filed a response on October 22, 2025. (DE 10.) Defendant then filed a reply on October 29, 2025. (DE 12.)

## II.     REPORT AND RECOMMENDATION

On February 19, 2026, the Magistrate Judge issued the present Report recommending that Defendant's Partial Motion to Dismiss be granted as to Counts III and IV. (DE 14 at 1, 14.)

The Report concluded that Plaintiff failed to plead facts sufficient to establish the existence of a valid, enforceable contract altering the presumptively at-will nature of his employment. (DE 14 at 8–13.) In setting out its analysis, the Report first recited the Rule 12(b)(6) standard and explained that, although courts generally may not consider documents outside the pleadings, they may consider documents attached to a motion to dismiss when those documents are integral to the complaint and authentic. (DE 14 at 2–4.)

Applying that standard, the Report considered the handbook materials Defendant submitted in support of its motion because Plaintiff's contract-based claims relied on the handbook and related employment policies referenced in the Complaint. (DE 14 at 6–8.) The Report then concluded that the disclaimer on the first page of Defendant's employee handbook complied with S.C. Code Ann. § 41-1-110 and that Plaintiff's signed acknowledgment confirmed the handbook did not create a contract of employment. (DE 14 at 9–11.) On that basis, the Report reasoned that Plaintiff had not plausibly alleged the existence of a contract sufficient to support either of his contract-based causes of action. (DE 14 at 10–11.)

The Report also concluded that, even apart from the disclaimer, the handbook provisions on which Plaintiff relied did not alter the at-will relationship. (DE 14 at 11–12.) More specifically, the Report determined that Defendant's equal-employment-opportunity and non-retaliation policies were general policy statements reflecting compliance with anti-discrimination laws and equitable-treatment

4

principles, not definite and mandatory promises creating contractual rights under South Carolina law. (*Id.*)

The Report also rejected Plaintiff's argument, raised in briefing, that he could proceed under quasi-contract theories such as promissory estoppel, unjust enrichment, or equitable estoppel. (*Id.* at 12–13.) The Report explained that none of those theories were pleaded in the Complaint and that Plaintiff could not amend his pleading through briefing. (*Id.* at 12.) The Report also stated that, even if Plaintiff had attempted to plead promissory estoppel, such a claim would fail because Plaintiff had not alleged an unambiguous promise sufficient to induce reliance. (*Id.* at 12–13.)

Based on those conclusions, the Report recommended dismissal with prejudice of Plaintiff's breach of contract claim and his claim for breach of contract accompanied by a fraudulent act. (DE 14 at 13–14.) Plaintiff objected to the Report on March 5, 2026. (DE 16.)

## III.    LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315

(4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.     PLAINTIFF'S OBJECTIONS

The Court has reviewed de novo those portions of the Report to which Plaintiff has lodged specific objections. Plaintiff's objections raise three issues at a high level: first, whether the Report misapplied the Rule 12(b)(6) standard by failing to draw reasonable inferences in Plaintiff's favor; second, whether the Report improperly relied on Defendant's handbook materials in concluding that no enforceable contract existed; and third, whether the Report erred in rejecting quasi-contract and estoppel theories raised in Plaintiff's opposition briefing. (DE 16 at 1–7.)

Although the Court agrees with the Report's ultimate recommendation that Counts III and IV should be dismissed, the Court modifies part of the analysis as set out below.

## A.     Application of Rule 12(b)(6)

Plaintiff first objects that the Report misapplied the pleading standard by failing to accept the Complaint's allegations as true and draw reasonable inferences in Plaintiff's favor. (DE 16 at 2–4.) The Court overrules this objection.

The Court begins by clarifying that it does not rely on Defendant's handbook, disclaimer, or acknowledgment form in resolving the present motion. Instead, the Court limits its review to the allegations of the Complaint and concludes that Plaintiff has not plausibly alleged the existence of a valid and enforceable contract altering

the presumptively at-will nature of his employment. In South Carolina, employment at-will is presumed absent the creation of a specific contract of employment. *See Prescott v. Farmers Tel. Coop., Inc.*, 516 S.E.2d 923, 925–26 (S.C. 1999). To survive a motion to dismiss on a claim for breach of an employment contract, a plaintiff must plead sufficient facts to establish the existence of an employment contract beyond the at-will relationship. *See Brailsford v. Fresenius Med. Ctr. CNA Kidney Ctrs. LLC*, No. 2:15-cv-4012-DCN, 2017 WL 1214337, at *16-17 (D.S.C. Apr. 3, 2017).

To state a contract claim in this context, a plaintiff must plead facts showing a contractual undertaking that altered that presumption, including definite and mandatory promises of specific treatment in specific circumstances. *See Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 698 (S.C. 2005); *Weaver v. John Lucas Tree Expert Co.*, No. 2:13-cv-1698-PMD, 2013 WL 5587854, at *6 (D.S.C. Oct. 10, 2013).

The Complaint does not do so. Instead, Plaintiff alleges in general and conclusory terms that Defendant's handbook "definitely assures" employees they will be treated fairly and without discrimination, that Defendant promised compliance with the law in making employment decisions, and that Plaintiff relied on "promises" and "policies" concerning fairness, equal employment opportunity, and anti-retaliation. (DE 1 ¶¶ 37–43, 47–54.) Even accepting those allegations as true, they describe general assurances and legal conclusions rather than pleaded facts showing definite and mandatory promises sufficient to alter Defendant's otherwise at-will employment relationship with Plaintiff.

7

Nor does the Complaint plead facts showing a definite term of employment, a limitation on Defendant's right to terminate, or other mandatory and binding employment terms that would plausibly transform workplace policies into contractual promises. *See Petrosyan v. Delfin Grp. U.S.A., LLC*, No. 2:13-cv-2990-PMD, 2015 WL 685266, at *11 (D.S.C. Feb. 18, 2015); *Hessenthaler*, 616 S.E.2d at 698. Accordingly, even drawing all reasonable inferences in Plaintiff's favor, the Complaint fails to state a plausible claim for breach of contract. Because Count IV likewise depends on the existence of a contract, that claim also fails. (DE 1 ¶¶ 46–54.)

## B.     Handbook and Disclaimer

Plaintiff next objects that the Report improperly treated the handbook and disclaimer as dispositive of the contract issue. (DE 16 at 4–5.) The Court overrules this objection, although on narrower grounds than those stated in the Report.

To the extent the Report relied on the handbook materials in concluding no contract existed, the Court does not rest its decision on that reasoning. Because the Complaint fails to allege an enforceable contract on its face plausibly, the Court need not decide whether Defendant's handbook, disclaimer, and acknowledgment form were properly considered under Rule 12(b)(6) as documents integral to the Complaint. Thus, even assuming those materials are excluded, Plaintiff's contract-based causes of action remain subject to dismissal.

### C.    Quasi-Contract and Estoppel Theories

Plaintiff finally objects to dismissal with prejudice of the quasi-contract and estoppel theories he raised in opposition to the motion to dismiss. (DE 16 at 5–7.) The Court overrules this objection.

The Complaint pleads only two state-law causes of action: breach of contract and breach of contract accompanied by a fraudulent act. (DE 1 at 7–10.) It does not assert promissory estoppel, equitable estoppel, or unjust enrichment as separate causes of action. Plaintiff may not amend his pleading through briefing, and the Court therefore does not consider those unpleaded theories in ruling on Defendant's motion. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013). To the extent Plaintiff argues he should be permitted to avoid dismissal of Counts III and IV by recasting them as quasi-contract claims, that argument fails because the claims presently before the Court sound in contract and rise or fall with the existence of a plausibly pleaded contract. As discussed above, the Complaint does not plausibly allege such a contract. The Court therefore declines to consider alternative theories not pleaded in the Complaint.

## V.    CONCLUSION

After a thorough review of the Report and Recommendation, Plaintiff's objections, Defendant's reply, the record, and the applicable law, the Court overrules Plaintiff's objections (DE 16) and adopts the Report (DE 14) as modified herein. Defendant's Motion to Dismiss (DE 8) is GRANTED as to Counts III and IV of the Complaint.

IT IS, THEREFORE, ORDERED that Count III for breach of contract and Count IV for breach of contract accompanied by a fraudulent act are DISMISSED WITH PREJUDICE.[3] This action shall proceed on Plaintiff's remaining claims under 42 U.S.C. § 1981.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 3, 2026

---

[3] The Court's dismissal with prejudice applies to the contract-based claims actually pleaded in Counts III and IV; the Court does not separately adjudicate the merits of unpleaded quasi-contract theories.